UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

MARK B. SCHARE, et al.,

        Plaintiffs,        No. 11-CV-11889

vs.        Hon. Gerald E. Rosen

MORTGAGE ELECTRONIC
REGISTRATION SYSTEMS, INC.,

        Defendant.
_____/

ORDER REGARDING PLAINTIFF'S *EX-PARTE* MOTION FOR
14-DAY EXTENSION OF TIME TO RESPOND TO ORDER TO SHOW CAUSE

At a session of said Court, held in
the U.S. Courthouse, Detroit, Michigan
on    December 9, 2011

PRESENT:    Honorable Gerald E. Rosen
                      United States District Chief Judge

On November 22, 2011, the Court entered an Order to Show Cause directing Plaintiffs within 14 days thereof to show cause in writing why this case should not be dismissed in light of the Michigan Supreme Court's November 16, 2011 ruling in *Residential Funding Co, LLC v. Saurman*, 490 Mich. 909, 805 N.W.2d 183 (2011), in which the Michigan Supreme Court reversed the Court of Appeals decision upon which Plaintiffs' action was predicated. The Supreme Court found that the Court of Appeals had erroneously construed M.C.L. § 600.3204(1)(d), and reversing the Court of Appeals ruling, determined that MERS, as "the owner of an interest in the indebtedness secured

1

by the mortgage," is statutorily authorized to foreclose by advertisement. The Supreme Court explained:

> [A]s record-holder of the mortgage, MERS owned a security lien on the properties, the continued existence of which was contingent upon the satisfaction of the indebtedness. This interest in the indebtedness -- i.e., the ownership of legal title to a security lien whose existence is wholly contingent on satisfaction of the indebtedness -- authorized MERS to foreclose by advertisement under MCL 600.3204(1)(d).

2011 WL 5588929 at *1.

In light of the Michigan Supreme Court's ruling, the Court entered its Order to Show Cause directing Plaintiffs to show cause why this case should not be dismissed.

Plaintiffs, through counsel, now ask that they be allowed an additional 14 days to file their response to the Show Cause Order claiming they need this additional time due to the complexity of their anticipated response and "counsel's schedule." In their *ex-parte* motion, they set forth an abstract of their anticipated response.

Although the Court routinely allows reasonable extensions of time when good cause is shown, the mere assertion that an extension of time is needed "due to counsel's schedule" generally is insufficient.[1] More importantly, however, the Court is concerned about Plaintiffs intended response. It appears from Plaintiffs' *ex-parte* motion that

---

[1] Although counsel does not specify what precisely in his schedule precipitated his request, he has indicated that he has had to respond to the "fall out" due to the *Saurman* reversal in a number of cases pending in the Michigan Court of Appeals, the Michigan Supreme Court and the Sixth Circuit Court of Appeals. *See* Dkt. # 31, p. 3. The Court assumes that it is because of the work counsel has to do on these other cases that is consuming his time.

Plaintiffs intend to argue that the Michigan Supreme Court incorrectly decided *Saurman*, and therefore, *Saurman* should not be applied by this Court in deciding this case.

The Court wishes to remind Plaintiffs, however, that this Court is sitting in diversity in this case. As such, the task of this Court is to apply the same law as would be applied by the Michigan state courts. *See Erie R.R. v. Tompkins*, 304 U.S. 64, 78, 58 S.Ct. 817, 822 (1938); *Kurczi v. Eli Lilly and Co.*, 113 F.3d 1426, 1429 (6th Cir. 1997). Where a state's highest court has spoken to an issue, this Court is bound by that decision. *Id. See also Ziegler v. IBP Hog Market, Inc.*, 249 F.3d 509, 517 (6th Cir. 2001) (federal courts must apply state law "'in accordance with the then controlling decision of the highest state court.'" *Id.* (quoting *United States v. Anderson County, Tennessee*, 761 F.2d 1169, 1173 (6th Cir.1985) and *Vandenbark v. Owens-Illinois Glass Co.*, 311 U.S. 538, 543, 61 S.Ct. 347(1941)). Accordingly, this Court will decide this case in accordance with the Michigan Supreme Court's *Saurman* decision. Therefore, Plaintiffs need not waste time in responding to the show cause order by arguing that *Saurman* was wrongly decided or that the Michigan Supreme Court did not consider provisions of the UCC concerning real estate mortgages in reaching its decision. Plaintiffs' opinion as to the correctness of the decision notwithstanding, this Court is bound by that decision. Therefore, any argument that this Court should ignore or overrule *Saurman* would be frivolous.

The Court acknowledges that *Saurman* does not directly address the issue of the

standing of MERS's "successors and assigns" to foreclose, an issue presented in Plaintiffs' complaint in this case. The Court is also aware that the Michigan Court of Appeals addressed that issue in *Bakri v. Mortgage Electronic Registration System, et al.*, No. 297962, 2011 WL 3476818 (Mich. App., Aug. 9, 2011) (unpublished decision), and that the Court of Appeals' ruling in that case would be favorable to Plaintiffs. However, the *Bakri* decision was based upon the now overruled Court of Appeals decision in *Saurman.*

In *Bakri,* the appellate court determined that the Bank of New York Mellon, as MERS's assignee of the mortgage, held no greater interest than its assignor, MERS, i.e., an interest in the property as security for the note, but not an interest in the note. Therefore, in accordance with the (now overruled) Court of Appeals' decision in *Saurman*, the *Bakri* court held that the trial court's summary disposition in favor of the defendants was improper. (Slip op at 5).

The "successors and assigns" issue, however, has not reached the Michigan Supreme Court.[2] Where a state's highest court has not spoken on a precise issue, a federal court must determine what the state's highest court would decide. *See Ziegler*, 249 F.3d at 517 (citing *Bailey v. V. & O Press Co.*, 770 F.2d 601, 604 (6th Cir.1985)).

---

[2] Following the issuance of its August 9, 2011 decision in *Bakri*, the appellate court granted the motion for clarification filed by the Bank of New York Mellon and remanded the case to the trial court to determine whether the Bank owned the note at the time of foreclosure, in order to ascertain whether the (now overruled) *Saurman* decision would apply. *See Bakri,* Mich. Ct. of App. No. 297962, Doc. # 49 (Oct. 4, 2011 Order).

The task of the federal court is to ascertain from all available data what the state's highest court would decide on the issue. *Am. and Foreign Ins. Co. v. Bolt*, 106 F.3d 155, 158 (6th Cir.1997). In so doing, the federal court may not disregard a decision of the state appellate court on point -- whether published or unpublished -- "'unless it is convinced by other persuasive data that the highest court of the state would decide otherwise.'" *Ziegler*, 249 F.3d at 517 (quoting *Puckett v. Tennessee Eastman Co.*, 889 F.2d 1481, 1485 (6th Cir.1989)); accord *Northland Ins. Co. v. Guardsman Products, Inc.*, 141 F.3d 612, 617 (6th Cir.1998).

As indicated, the *Bakri* decision was based entirely upon the Court of Appeals' earlier decision in *Saurman*. In light of the Michigan Supreme Court's reversal of that decision, if the "successors and assigns" issue were to reach the Michigan Supreme Court, the Court believes that the Supreme Court would likewise reverse *Bakri* and, consistent with its decision in *Saurman*, would hold that a MERS assignee has a sufficient ownership interest in the indebtedness secured by the mortgage to authorize the assignee to foreclose by advertisement.[3]

In light of the foregoing, the Court will grant Plaintiffs' motion for an extension of time but cautions Plaintiffs not to raise unnecessary or frivolous arguments in their

---

[3] The Court has not decided the "successor/assignee" issue with respect to any of the claims in this case but includes this discussion to advise Plaintiffs of its current thinking and to give Plaintiffs the opportunity to address this issue, cognizant of the federal court's obligations with respect to state court decisions when sitting in diversity.

5

Response.[4]

Therefore,

IT IS HEREBY ORDERED that Plaintiffs' Motion for a 14-day extension of time within in which to respond to the Court's November 22, 2011 Order to Show Cause **[Dkt. # 31]** is GRANTED. Accordingly,

IT IS FURTHER ORDERED that Plaintiffs may have until **December 20, 2011** to file a written response to the Court's Order to Show Cause.

                                              s/Gerald E. Rosen  
                                              Chief Judge, United States District Court

Dated: December 9, 2011

I hereby certify that a copy of the foregoing document was served upon counsel of record on December 9, 2011, by electronic and/or ordinary mail.

                                              s/Ruth A. Gunther  
                                              Case Manager

---

[4] Filing pleadings, motions or other papers advancing frivolous arguments is sanctionable under Fed. R. Civ. P. 11.