UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

MARK B. SCHARE, et al.,

                    Plaintiffs,                    No. 11-CV-11889

vs.                                        Hon. Gerald E. Rosen

MORTGAGE ELECTRONIC
REGISTRATION SYSTEMS, INC.,

                    Defendant.
_____/

## ORDER OF DISMISSAL

    At a session of said Court, held in
the U.S. Courthouse, Detroit, Michigan
on _____June 6, 2012_____

          PRESENT:   Honorable Gerald E. Rosen
                    United States District Chief Judge

      This wrongful foreclosure action is presently before the Court on the Plaintiff's

Response and Supplemental Response to the Court's Order to Show Cause in which

Plaintiff was directed to show cause in writing why this case should not be dismissed in

light of the Michigan Supreme Court's decision in *Residential Funding Co., LLC v.*

*Saurman*, 490 Mich. 909, 805 N.W.2d 183 (2011), which reversed the Court of Appeals'

decision upon which Plaintiff's action was predicated.  The Court of Appeals had held

that MERS, as a mortgagee, but not a noteholder, could not exercise its contractual right

to foreclose by means of advertisement pursuant to M.C.L. § 600.3204(1)(d) because it

1

was not the owner of the indebtedness, the servicing agent of the mortgage, nor the owner of an interest in the indebtedness secured by the mortgage, the only three parties authorized pursuant to §3204(1)(d) to foreclose by advertisement.  *See Residential Funding Co., LLC v. Saurman,* 292 Mich. App. 321, 807 N.W.2d 412 (2011). The Supreme Court found that the Court of Appeals had erroneously construed M.C.L. §600.3204(1)(d) and, reversing the Court of Appeals ruling, determined that MERS is statutorily authorized to foreclose by advertisement as "the owner of an interest in the indebtedness secured by the mortgage."  490 Mich. at 909 ("This interest in the indebtedness—i.e., the ownership of legal title to a security lien whose existence is wholly contingent on the satisfaction of the indebtedness—authorized MERS to foreclose by advertisement under MCL 600.3204(1)(d)." *Id.*)

Having reviewed and considered Plaintiff's Response and Supplemental Response to the Show Cause Order, the Court concludes that Plaintiff has failed to show good cause why this case should not be dismissed in light of the Michigan Supreme Court's *Saurman* ruling.[1]

Relying entirely on decisions from states other than Michigan and pre-*Saurman* cases and journal articles, Plaintiff argues in responding to the Show Cause Order that dismissal is not warranted because the Michigan Supreme Court failed to recognize that

---

[1] The Court of Appeals' decision gave rise to a flurry of filings of putative class action complaints in the Eastern District of Michigan but every one of them except this case have been voluntarily dismissed in light of the Michigan Supreme Court's ruling.

2

to allow MERS to foreclose by advertisement would violate the UCC because the UCC requires that a party seeking to enforce a note be in possession of the note endorsed in blank or to bearer.  However, as the Court previously reminded Plaintiff, inasmuch as this Court is sitting in diversity, where, as here, the state's highest court has spoken to an issue, this Court is bound by that decision.  *Kurczi v. Eli Lilly and Co.*, 113 F.3d 1426, 1429 (6th Cir. 1997).  *See also Ziegler v. IBP Hog Market, Inc.*, 249 F.3d 509, 517 (6th Cir. 2001) (federal courts must apply state law "'in accordance with the then controlling decision of the highest state court.'" *Id*. (quoting *United States v. Anderson County, Tennessee*, 761 F.2d 1169, 1173 (6th Cir.1985) and *Vandenbark v. Owens-Illinois Glass Co.*, 311 U.S. 538, 543, 61 S.Ct. 347(1941)).  Plaintiffs' opinion as to the correctness of the decision notwithstanding, this Court is bound by that decision.

Furthermore, the very argument that Plaintiff makes here -- i.e., that MERS does not meet the UCC requirements to enforce a negotiable instrument note and, hence, is not entitled to foreclose by advertisement -- was one that was explicitly presented to the Michigan Supreme Court in *Saurman*.  *See Saurman*, Mich. S. Ct. No. 143178, Dkt. # 108, Brief of Amici Curiae Legal Services of Michigan, Michigan Poverty Loan Program, et al., 2011 WL 5145681 at **24-29.  As the argument was not addressed in the Michigan Supreme Court's opinion, the Court assumes that the Michigan Court rejected it *sub silentio*.

In any event, the foreclosure by advertisement statute simply requires that the

3

party instituting the foreclosure have an *interest* in the indebtedness. There is no Michigan statutory requirement that to foreclose by advertisement the underlying note evidencing the indebtedness had to be endorsed to MERS or that MERS be a holder or holder-in-due-course of the note. *See Crews v. Fannie Mae,* 2012 642067 at *5 (E.D. Mich., Feb. 8, 2012) Komives, M.J.), report and recommendation adopted, 2012 W.L. 639327 (E.D. Mich., Feb. 28, 2012 (Edmunds, J.); *Smith v. MERS*, 2011 WL 4469148, at *9 (E.D.Mich. Aug.4, 2011) (Hluchaniuk, M.J.), report and recommendation adopted, 2011 WL 4479481 (E.D. Mich. Sept.27, 2011) (O'Meara, J.); *Hilmon v. MERS*, 2007 WL 1218718 (E,D. Mich, April 23, 2007) (Duggan, J.).  Furthermore, the UCC provisions Plaintiff relies upon are part of Article 3 of the UCC and this section of the UCC is inapplicable to mortgages.  *See Jaboro v. Wells Fargo Bank, N.A*., 2010 WL 5296939 at * 6 (E.D. Mich. Dec. 20, 2010) (holding that Article 3 of the UCC does not apply to mortgages because Article 3 applies only to negotiable instruments and "[a] mortgage instrument is not a negotiable instrument since it does not "contain an unconditional promise or order to pay a sum certain. . . .  A mortgage merely secures payment of the negotiable instrument. In effect, the mortgagor merely grants a security interest in the real estate to the mortgagee." *Id.* (citations omitted)); *Howze v. New Century Mortgage Corp*., 2008 WL 5110521, at *1 n. 1 (E.D.Mich. Dec, 2, 2008) (citing *Mox v. Jordan*, 186 Mich. App. 42, 46, 463 N.W.2d 114, 115 (1990)); *Hilmon v. MERS, supra*.

Plaintiff also argues that MERS's "successors and assigns" had no authority to

4

foreclose by advertisement and posits that the Court should allow this case to go forward to challenge the assignment based upon the Michigan Court of Appeals ruling in *Bakri v. Mortgage Electronic Registration System, et al.*, No. 297962, 2011 WL 3476818 (Mich. App., Aug. 9, 2011) (unpublished decision).  Notwithstanding that there was no assignment of Plaintiff Schare's mortgage (MERS foreclosed  and then successfully bid on the property at the sheriff's sale "as nominee for the lender and the lender's successors and/or assigns," and after the expiration of the redemption period, transferred the property by quit claim deed to the lender),[2] the *Bakri* decision was based upon the now overruled Court of Appeals decision in *Saurman.*

In *Bakri,* the appellate court determined that the Bank of New York Mellon, as MERS's assignee of the mortgage, held no greater interest than its assignor, MERS, i.e., an interest in the property as security for the note, but not an interest in the note. Therefore, in accordance with the (now overruled) Court of Appeals' decision in *Saurman*, the *Bakri* court held that the trial court's summary disposition in favor of the defendants was improper.  (Slip op at 5).

The "successors and assigns" issue, however, has not reached the Michigan Supreme Court.[3]  Where a state's highest court has not spoken on a precise issue, a

---

[2]  Apparently Plaintiff makes this argument on behalf of other putative class members.

[3]  Following the issuance of its August 9, 2011 decision in *Bakri*, the appellate court granted the motion for clarification filed by the Bank of New York Mellon and remanded the case to the trial court to determine whether the Bank owned the note at the

federal court must determine what the state's highest court would decide. *See Ziegler*, 249 F.3d at 517 (citing *Bailey v. V. & O Press Co.*, 770 F.2d 601, 604 (6th Cir.1985)). The task of the federal court is to ascertain from all available data what the state's highest court would decide on the issue. *Am. and Foreign Ins. Co. v. Bolt*, 106 F.3d 155, 158 (6th Cir.1997). In so doing, the federal court may not disregard a decision of the state appellate court on point -- whether published or unpublished -- "'unless it is convinced by other persuasive data that the highest court of the state would decide otherwise.'" *Ziegler*, 249 F.3d at 517 (quoting *Puckett v. Tennessee Eastman Co.*, 889 F.2d 1481, 1485 (6th Cir.1989)); accord *Northland Ins. Co. v. Guardsman Products, Inc.*, 141 F.3d 612, 617 (6th Cir.1998).

As indicated, the *Bakri* decision was based entirely upon the Court of Appeals' earlier decision in *Saurman*. In light of the Michigan Supreme Court's reversal of that decision, if the "successors and assigns" issue were to reach the Michigan Supreme Court, the Court believes that the Supreme Court would likewise reverse *Bakri* and, consistent with its decision in *Saurman*, would hold that a MERS assignee has a sufficient ownership interest in the indebtedness secured by the mortgage to authorize the assignee to foreclose by advertisement. Indeed, several courts have found that the Michigan Supreme Court's decision in *Saurman* abrogated *Bakri*. *See e.g., Bowden v.*

---

time of foreclosure, in order to ascertain whether the (now overruled) *Saurman* decision would apply. *See Bakri,* Mich. Ct. of App. No. 297962, Doc. # 49 (Oct. 4, 2011 Order).

*American Home Loan Mtg. Servicing, Inc.*, 2012 WL 628543 (E.D. Mich., Feb. 27, 2012) (Cook, Jr. J.); *Smith v. Litton Loan Servicing, LP*, 2012 WL 6542060 (E.D. Mich., Feb. 28, 2012) (Duggan, J.) ; *see also Duff v. Federal Nat. Mtg. Ass'n*,  2012 WL 692120 at *4 (E.D. Mich., Feb. 29, 2012).

<u>CONCLUSION</u>

In sum, the Court finds that Plaintiff has failed to establish sufficient good cause for not dismissing this action in light of the Michigan Supreme Court's decision in *Residential Funding Co. LLC v. Saurman*, *supra*, and concludes that as a result of Michigan Supreme Court's decision, there is no longer any legal basis for Plaintiff's Complaint.

Therefore,

IT IS HEREBY ORDERED that Plaintiff's Complaint be DISMISSED, in its entirety, with prejudice.


s/Gerald E. Rosen                          
Chief Judge, United States District Court

Dated:  June 6, 2012


 I hereby certify that a copy of the foregoing document was served upon counsel of record on June 6, 2012, by electronic and/or ordinary mail.

s/Ruth A. Gunther                 
Case Manager